UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gabrial Williams, | Case No.: 2:24-cv-01097-APG-DJA |
| Petitioner | **Order to Show Cause Why this Petition Should Not be Dismissed Without Prejudice for Failure to Exhaust** |
| v. | |
| State of Nevada, | [ECF Nos. 1, 1-1, 1-2, 1-3] |
| Respondents | |

Petitioner Gabrial Williams, a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus (ECF Nos. 1-1, 1-2, 1-3) as well as an application for leave to proceed *in forma pauperis* (IFP (ECF No. 1)). On initial review under the Habeas Rules,[1] I grant the IFP application and order Williams to show cause why this petition should not be dismissed without prejudice for failure to exhaust his claims in state court.[2]

**Background**

Williams challenges a 2017 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Gabrial*, Case No. C-15-310544-1. The state court entered a judgment of conviction for one count of conspiracy to commit murder, one count of attempt murder with use of a deadly weapon, one count of battery with use of a deadly weapon resulting in substantial bodily harm, three counts of destroying evidence, two counts of discharge of firearm from or within a structure or vehicle, one count of aggravated stalking, two counts of ownership or possession of firearm by prohibited person, one count of coercion, one

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Williams has filed a motion for appointment of counsel (ECF No. 1-4), which I defer consideration of until after he has responded to the order to show cause.

count of second degree kidnapping, and one count of battery constituting domestic violence. The state court sentenced Williams to an aggregate term of 26 to 75 years. The Nevada Supreme Court affirmed the conviction.

Williams filed a state habeas petition for writ of habeas corpus. *Williams v. Gittere*, Case No. A-20-815749-W. The state district court denied Williams's state habeas petition and the Nevada Court of Appeals reversed and remanded for the appointment of counsel to assist Williams in his state postconviction proceedings. His state habeas petition has been reopened appears to remain pending. Williams initiated this federal habeas corpus proceeding *pro se*. ECF Nos. 1-1, 1-2, 1-3.

## Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires petitioners to exhaust state court remedies before presenting claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)), and to do so in accordance with established state procedures, *Kellotat v. Cupp*, 719 F.2d 1027, 1030 (9th Cir. 1983). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, Williams has not demonstrated that he has fully exhausted his state court remedies. It appears likely that the petition is partially unexhausted in Nevada courts and may be subject to dismissal without prejudice.³ Accordingly, Williams will be required to show cause in writing within 30 days of the date of this order, why this action should not be dismissed without prejudice because of his failure to exhaust his claims in Nevada courts.

## Conclusion

I THEREFORE ORDER:

1. Petitioner Gabrial Williams's application for leave to proceed *in forma pauperis* (ECF No. 1) is granted.

2. Within 30 days of the entry of this order, Williams must file a "Response to Order to Show Cause," showing cause in writing why this action should not be dismissed without prejudice because of his failure to exhaust his claims in state court. Williams's showing must be factually detailed, and must, where possible, be supported by exhibits.

3. Failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED this 10th day of July, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

³ A "mixed" petition—one presenting both exhausted and unexhausted claims—may be dismissed without prejudice or amended to delete unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 520 (1982).